# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT RAY FLORES<br>　　*Plaintiff*, | § § § | |
| v. | § § | Case No. 7:24-CV-271 |
| ROBERT W. BERLETH, BERLETH & ASSOCIATES, PLLC AND HEATHER RENEE SLAGLE F/K/A HEATHER RENEE MAYES, DEREK W. LOETZERICH, INDIVIDUALLY AND D/B/A THE LAW OFFICE OF DEREK W. LOETZERICH, PLLC, SHAUN CARPENTER<br>　　*Defendants*. | § § § § § § § § § § § § | |

## JUDGE CARPENTER'S MOTION TO DISMISS

TO THE HONORABLE RANDY CRANE:

NOW COMES Judge Shaun Carpenter ("Judge Carpenter") and files this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b) (1) and (6).

## I.
## INTRODUCTION

Plaintiff Robert Ray Flores ("Plaintiff") filed a Complaint naming Judge Carpenter as defendant, although it is unclear if he is sued in his individual or official capacity. (Doc. 1, p. 3). Judge Carpenter is the Presiding Judge of the 220th District Court of Bosque County, Texas. (Doc. 1, p. 3). Plaintiff's claims against Judge Carpenter are based solely on Judge Carpenter's judicial decisions in pending state court proceedings in the 220th District Court in Bosque County. (Doc. 1, pp. 7-9). Plaintiff complains of the orders that were entered by Judge Carpenter in cases pending before him. (Doc. 1, pp. 7-9). Plaintiff makes vague reference to the First and Fourteenth

1

*Judge Carpenter's Motion to Dismiss*

Amendments to the U.S. Constitution which are actionable pursuant to 42 U.S.C. § 1983 in the "Jurisdiction and Venue" section of his Complaint (Doc. 1, p. 3), but he does not actually present a cause of action under either Amendment. (Doc. 1). Instead, Plaintiff presents claims related to a breach of contract claim and state torts. (Doc. 1, pp. 11-17). Plaintiff does not appear to seek any relief from Judge Carpenter. (Doc. 1, pp. 17-18).

Plaintiff's claims against Judge Carpenter must be dismissed because:

1. Plaintiff lacks standing to bring claims against Judge Carpenter;
2. Plaintiff's official capacity claims are Barred by the Eleventh Amendment;
3. Plaintiff's claims against Judge Carpenter are Barred by Judicial Immunity; and
4. Plaintiff fails to state a claim upon which relief may be granted.

## II.
## STANDARD OF REVIEW

A complaint must be dismissed if the court lacks subject matter jurisdiction over the plaintiff's claim, FED. R. CIV. P. 12(b)(1), or if the plaintiff fails to state a claim upon which relief may be granted, FED. R. CIV. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1) is analyzed under the same standard as under rule 12(b)(6). *See Home Builders Assoc. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir.2005); *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be

supported by factual allegations"). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice" to save a complaint from dismissal. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

## III.
## ARGUMENT AND AUTHORITIES

A. **Plaintiff lacks Standing to Bring This Lawsuit**

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Plaintiffs must demonstrate they suffered an "injury in fact," that is "fairly traceable" to the defendant's conduct, and that will "likely … be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

1. **No Justiciable Controversy**

As an initial matter, Plaintiff does not present a justiciable controversy with respect to Judge Carpenter. "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests. The requirement of a justiciable controversy is not satisfied where a judge acts in his adjudicatory capacity." *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003). Plaintiff's claims against Judge Carpenter are solely based on his actions in a state court proceeding in his adjudicatory capacity, specifically complaining that Judge Carpenter entered orders in cases over which he presided. (Doc. 1, pp. 7-9). Plaintiff is complaining about Judge Carpenter's actions in state court proceedings, which would have been taken in his adjudicatory capacity. *See Johnson v. Old*, No. 6:21-CV-00018, 2022 WL 18902450, at *3 (S.D. Tex. Aug. 18, 2022), *report and recommendation adopted*, No. 6:21-CV-00018, 2023 WL 2267204 (S.D. Tex. Feb. 27, 2023) ("Johnson's allegations do not establish a justiciable controversy because his claims against Judge Old all arise from events

wherein Judge Old was acting in his adjudicatory capacity"), citing *Bauer*, 341 F.3d at 359. As a matter of law, there is no justiciable controversy between Judge Carpenter and Plaintiff.

### 2. No Redressability

Further, redressability of alleged injuries is not available against Judge Carpenter. Plaintiff does not seem to seek any redress from Judge Carpenter. (Doc. 1, pp. 17-18). Even if he had done so, injunctive relief is not available "because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See LaBranche v. Becnel*, 559 F Fed. Appx. 290, 291 (5th Cir.2014). Additionally, as the Supreme Court recently reaffirmed, "If a state court errs in its rulings, too, the traditional remedy has been some form of appeal, including to this Court, not the entry of an *ex ante* injunction…an injunction against a state court" or its 'machinery' 'would be a violation of the whole scheme of our Government.' " *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021), citing *Ex parte Young*, 209 U.S. 123, 159–160, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

Accordingly, Plaintiff lacks standing to bring claims against Judge Carpenter, and Judge Carpenter is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(1).

### B. Official Capacity Claims are Barred by the Eleventh Amendment

The Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas or its officials, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

### 1. Entitlement to Sovereign Immunity

The 220th District Court of Bosque County, Texas is a state entity created by statute. *See* GOV'T CODE § 24.398. As the Presiding Judge of the 220th District Court of Bosque County,

Texas, Judge Carpenter is a state official. As a state official, Judge Carpenter in his official capacity is entitled to Texas' sovereign immunity under the Eleventh Amendment.

**2. Claims are Barred By Sovereign Immunity**

To the extent that he presents any, Plaintiff's federal constitutional claims are barred by the Eleventh Amendment. *See, e.g., Fox v. Mississippi*, 551 Fed. Appx. 772, 774–75 (5th Cir.2014) (per curiam) (holding, inter alia, that Eleventh Amendment barred claims under §§ 1983 and 1985 against state, district that was agency of state, and individuals sued in their official capacities). "Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985." *Baldwin v. Univ. of Tex. Med. Branch at Galveston*, 945 F.Supp. 1022, 1030 (S.D.Tex.1996).

With respect to Plaintiff's state tort claims of fraud (or any other state tort claim), those are also barred by sovereign immunity. The Texas Tort Claims Act (TTCA) is the only avenue for recovery against a governmental defendant. *See Mission Consol. Ind. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 6597 (Tex. 2008). Plaintiff does not identify any waiver of immunity in the TTCA that would apply to any of his claims. The Texas Tort Claims Act contains a limited waiver of sovereign immunity, but that waiver only applies in state court. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (holding the Texas Tort Claims Act "waives sovereign immunity in state court only"). To the extent that Plaintiff intended to bring claims against Judge Carpenter in his official capacity for the state torts of breach of fiduciary duty, negligence, tortious interference, or fraud, Congress has not abrogated Texas' Eleventh Amendment immunity for breach of contract or tort claims, and Texas has not consented to suit in federal court. *See, e.g., Duncan v. Univ. of Texas Health Science Ctr. at Hous.*, 469 F. App'x. 364, 366 & n.3 (5th Cir. 2012) (per curiam) (Texas contract and tort claims were barred by sovereign immunity). Moreover, the Texas Tort

Claims Act does not waive Texas' sovereign immunity for intentional torts. *See* TEX. CIV. PRAC. & REM. CODE § 101.057(2). Further, any waiver of tort immunity is inapplicable to judges:

```
JUDICIAL.  (a)  This chapter does not apply to
a claim based on an act or omission of a court
of this state or any member of a court of this
state acting in his official capacity or to a
judicial  function  of  a governmental  unit.
"Official capacity" means all duties of office
and   includes   administrative   decisions   or
actions.
```

TEX. CIV. PRAC. & REM. CODE § 101.053.

Plaintiff's claims against Judge Carpenter in his official capacity are barred by sovereign immunity, and Judge Carpenter is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(1).

**C.  Plaintiff's Claims are Barred by Judicial Immunity**

To the extent that Plaintiff seeks monetary damages, Judge Carpenter has judicial immunity. "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Hicks v. Bexar Cty.*, Tex., 973 F.Supp. 653, 667-72 (W.D. Tex. 1997), citing *Bogney v. Jones*, 904 F.2d 272, 274 (5th Cir.1990). Judges are immune from suit for damages resulting from any judicial act. *Mireles v. Waco*, 502 U.S. 9, 11–12, (1991). This immunity is so pervasive that it bars suit for claims far more significant than the allegations raised in this litigation, applying even when a judge is accused of acting maliciously and corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Plaintiff admits that Judge Carpenter is the Presiding Judge of the 220th Judicial District Court of Bosque County, Texas. (Doc. 1, p. 3). Plaintiff's only complaints about Judge Carpenter

involve his exercise of judicial functions, specifically entry of orders in cases pending before him. (Doc. 1, pp. 7-9).

Because Plaintiff's claims are barred by Judicial Immunity, Judge Carpenter is entitled to dismissal of those claims. FED. R. CIV. P. 12(b)(6).

**D.      Plaintiff Fails to State a Claim for Which Relief May Be Granted**

As a matter of law, Plaintiff has failed to state a claim against Judge Carpenter. At most, Plaintiff's allegations are purely conclusory and inadequate "to raise a right to relief above the speculative level" with respect to Judge Carpenter. *Twombly*, 550 U.S. at 555. These claims must be dismissed, pursuant to FED. R. CIV. P. 12(b)(6).

**3. No facts from which the Court could infer liability**

Plaintiff alleges no specific facts from which this Court could infer liability on the part of Judge Carpenter under any legal theory. A judge presiding over court proceedings and entering orders are not torts but are the inherent power and duties of courts. *See* GOV'T CODE § 21.001.

**a.  Contract and Fiduciary Duty Claims**

Plaintiff does not allege that he was in privity of contract with Judge Carpenter, or that specific performance was possible involving Judge Carpenter. (Doc. 1, pp. 11-13). Similarly, Plaintiff does not demonstrate any legal authority to support an inference of a fiduciary duty on the part of Judge Carpenter. (Doc. 1, pp. 13-14). Finally, Plaintiff does not identify any "express warranty" provided by Judge Carpenter that Plaintiff alleges was breached. (Doc. 1, pp. 14-16).

**b.  State Torts**

"A fraud claim under Texas law requires that (1) the defendant made a material misrepresentation; (2) the defendant knew at the time that the representation was false or lacked knowledge of its truth; (3) the defendant intended that the plaintiff should rely or act on the

misrepresentation; (4) the plaintiff relied on the misrepresentation; and (5) the plaintiff's reliance on the misrepresentation caused injury." *Wesdem, L.L.C. v. Illinois Tool Works, Inc.*, 70 F.4th 285, 294 (5th Cir. 2023), citing *Int'l Bus. Machs. Corp. v. Lufkin Indus.*, LLC, 573 S.W.3d 224, 228 (Tex. 2019). None of these elements are met in this case with respect to Judge Carpenter.

With respect to any other claims, Plaintiff does not connect any action alleged to have been performed by Judge Carpenter with any cause of action asserted. (Doc. 1, pp. 11-17). Plaintiff alleges actions by people he believes are responsible, but NEVER mentions Judge Carpenter.

## IV.
## CONCLUSION

This Court should dismiss Plaintiff's claims against Judge Carpenter. Jurisdictional barriers prohibit Plaintiff's suit, including Eleventh Amendment and judicial immunity to Plaintiff's suit, and Plaintiff's failure to state a claim on which relief may be granted.

WHEREFORE, Judge Shaun Carpenter prays that Plaintiff takes nothing by his suit.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Scot M. Graydon*
SCOT M. GRAYDON
Assistant Attorney General
Texas Bar No. 24002175
Southern ID No. 719112

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 / Fax (512) 320-0667
Scot.Graydon@oag.texas.gov

*ATTORNEYS FOR DEFENDANT JUDGE SHAUN CARPENTER*

## CERTIFICATE OF SERVICE

I certify that a copy of the above *Judge Carpenter's Motion to Dismiss* was served on the **1st day of August, 2024**, upon all parties who have entered an appearance, using the CM/ECF system.

/s/ Scot M. Graydon
**SCOT M. GRAYDON**
Assistant Attorney General