United States District Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERT R FLORES, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:24-CV-00271 |
| § | |
| ROBERT W. BERLETH, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DECLARING PLAINTIFF A VEXATIOUS LITIGANT

Now before the Court are three Motions to Dismiss [Dkt. 6, 7, and 9], one Motion for Sanctions [Dkt. 11], one Motion for Declaratory Judgment [Dkt. 17], one Motion to Consolidate [Dkt. 19], one Amended Complaint filed without leave of court [Dkt. 20], one Motion to Stay [Dkt. 21] and a variety of responses and replies to said motions. Because the Court lacks subject matter jurisdiction over this case, the Court hereby **ORDERS** that Defendants' Motions to Dismiss are **GRANTED** and Docket Nos. 11, 17, 19, 20, and 21 are **DENIED AS MOOT.**

### I. Background

On July 10, 2019, Plaintiff filed a petition for divorce on behalf of his client, David Gordon Mayes, in the 197th District Court of Willacy County, Texas. [Dkt. 1, ¶14] Defendant Robert W. Berleth and his firm, Defendant Berleth & Associates, PLLC, represented Mr. Mayes's then-wife in the matter, Defendant Heather Renee Slagle. *Id.* Ms. Slagle and Mr. Mayes, with the help of their respective counsels, agreed to a Mediated Settlement Agreement ("MSA") on January 17, 2020. *Id.*

Plaintiff claims that when Ms. Slagle and Mr. Mayes agreed to the MSA, they and their attorneys entered into a contract, which Ms. Slagle and Mr. Berleth breached when Ms. Slagle

subsequently filed a separate divorce case against Mr. Mayes in Bosque County, Texas. *Id.* at [¶¶32-33] Plaintiff further contends that Ms. Slagle, Mr. Berleth, and Berleth & Associates filed the divorce petition in Bosque County for the sole purpose of harassing Plaintiff and Mr. Mayes, which harassment was exacerbated further and further with every document filed in that case. *Id.* at [¶¶19-20] Mr. Berleth and Ms. Slagle, of course, dispute this and assert that Plaintiff's own inaction led to Willacy County dismissing the original divorce petition. [Dkt. 9, p. 4] After said dismissal, Ms. Slagle filed for divorce in Bosque County, where she and the couple's children lived. *Id.* Plaintiff attempted to have the Bosque County divorce case dismissed but was unsuccessful. [Dkt. 1, ¶17] The judge presiding over those proceedings, including the denial of Plaintiff's Motion to Dismiss, was Defendant Judge Shaun Carpenter. *Id.*

Plaintiff claims that Judge Carpenter entered several biased orders in the Bosque County divorce case, including multiple orders for sanctions against Plaintiff. [Dkt. 1, ¶22] In order to collect those sanctions, the Bosque County Court appointed Defendant Derek Loetzerich, who Plaintiff now claims is liable for negligence and malicious interference with the MSA, among other vaguer claims. [Dkt 1, ¶23; Dkt. 7, p. 1] Ms. Slagle and Mr. Mayes (without the help of Plaintiff) ultimately filed the MSA in Bosque County, and Judge Carpenter dismissed the divorce case. [Dkt. 1, ¶17] Plaintiff has since filed multiple actions in multiple courts related to these events, as further described below.

## II. Procedural History

Plaintiff filed his Complaint, styled as "Plaintiff's Original Petition," in this action on July 5, 2024 against Defendants Robert W. Berleth; Berleth & Associates, PLLC; Heather Renee Slagle; Derek W. Loetzerich; The Law Office of Derek W. Loetzerich; and the Honorable Judge Shaun Carpenter of the 220th Judicial District Court of Bosque County, Texas. [Dkt. 1] Three motions to dismiss have been filed since that time: one on August 1, 2024 by Judge Carpenter

[Dkt. 6], one on August 7, 2024 by Mr. Loetzerich and The Law Office of Derek W. Loetzerich [Dkt. 7], and one on August 7, 2024 by Mr. Berleth, Berleth & Associates, and Ms. Slagle [Dkt. 9]. Docket Nos. 7 and 9 also moved to declare Plaintiff a vexatious litigant. Although Plaintiff filed a response to Judge Carpenter's Motion to Dismiss [Dkt. 12], he failed to respond to either of the other Motions to Dismiss, including to the requests for an order declaring him a vexatious litigant. Instead, Plaintiff filed a Motion for Sanctions [11], a Motion for Declaratory Judgment [Dkt. 17], a motion to Consolidate [Dkt. 19], and a Motion to Stay [Dkt. 21]. He also chose to file an Amended Complaint ("Plaintiff's First Amended Verified Petition and Request [sic] Declartory [sic] Judgement with Supporting Affidavit") without leave of Court on September 4, 2024, well after the 21-day deadline available under Fed. R. Civ. P. 15(a) had passed. [Dkt. 20] The Court hereby **DENIES** leave for Plaintiff to file his amended complaint and declares Docket No. 20 **MOOT**.

### III. Motions to Dismiss

Plaintiff's complaint is full of numerous defects that the Court need not address here. Likewise, because Plaintiff has failed to establish subject matter jurisdiction, the Court need not delve into the myriad other arguments made for dismissal of Plaintiff's claims. When a district court has pending before it both a 12(b)(1) motion and a 12(b)(6) motion, the generally preferable approach, if the 12(b)(1) motion essentially challenges the existence of a federal cause of action, is for the court to find jurisdiction and then decide the 12(b)(6) motion. *Jones v. State of Ga.*, 725 F.2d 622, 623 (11th Cir. 1984) (citing *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981)).

A court properly dismisses a case for lack of subject-matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)); *see* Fed. R. Civ. P. 12(b)(1). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," who "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]") (internal citations omitted). "A motion to dismiss for lack of jurisdiction may be decided by the district court considering only the complaint, the complaint supplemented by undisputed facts reflected in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Meliezer v. Resolution Trust Co.*, 952 F.2d 879, 881 (5th Cir. 1992). Even where the defendant neglects to make an argument for dismissal under 12(b)(1), *sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")).

      Subject matter jurisdiction may be established under either Section 1331 or 1332 of Title 28 of the United States Code. Plaintiff has not asserted that diversity jurisdiction exists here, nor can he, as all the defendants are domiciled in Texas. [Dkt. 1, ¶¶4-8] Plaintiff, instead, asserts that this Court has jurisdiction under both 28 U.S.C. § 1331 and § 1441(a). *Id.* at [¶¶9-10] Section 1441(a) relates to removal of civil actions and is, thus, inapplicable here. More to the point, Plaintiff's assertion that his case somehow implicates federal question jurisdiction is vague and confusing. Plaintiff states that one of his claims arises under the Fifth and Fourteenth Amendments,

*id.* at [¶10], but does not clarify, in either his Complaint or his Response to Judge Carpenter's Motion to Dismiss, which claim that is supposed to be, what violation allegedly occurred, and what facts he has pleaded to support his allegation. Plaintiff brings a multitude of state claims, including negligence, breach of contract, and fraud. But nowhere in Plaintiff's Complaint does he allege a federal cause of action. Without a federal claim, this Court has no jurisdiction over the present case. Accordingly, the Court hereby **GRANTS** Defendants' Motions to Dismiss without prejudice.[1]

### IV. Motions to Declare Plaintiff a Vexatious Litigant

There are two motions to declare Plaintiff a vexatious litigant before the Court, both of which ask that the Court impose a prefiling injunction against Plaintiff prohibiting him from filing any litigation (and from continuing current litigation) in the State of Texas absent permission. [Dkt. 7; Dkt. 9] District courts have the authority to issue pre-filing injunctions to "deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008); *Montes v. Tibbs*, No. 24-20135, 2024 WL 3842570, at *3 (5th Cir. Aug. 16, 2024); *see also Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam) ("A litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time."). The prefiling injunction must be narrowly tailored to "protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Baum*, 513 F.3d at 187. The Court must weight all relevant circumstances when assessing whether to enjoin future filings, including four particular factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2)

---

[1] "[D]ismissals based on jurisdictional issues must, by their very nature, be without prejudice." *Abdullah v. Paxton*, 65 F.4th 204, 208 n.3 (5th Cir. 2023) (per curiam); *Montes v. Tibbs*, No. 24-20135, 2024 WL 3842570, at *3 (5th Cir. Aug. 16, 2024).

whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Id.* at 189; *see also Carroll v. Abide (In re Carroll)*, 850 F.3d 811, 815 (5th Cir. 2017) (per curiam). The Texas Practice and Remedies Code likewise sets forth criteria for finding a litigant to be vexatious in the state of Texas. Tex. Prac. & Rem. Code § 11.054.

Defendants have set forth a detailed and thorough accounting of their involvement with Plaintiff, which has included one action in the Tenth Court of Appeals for the State of Texas (dismissed), one action in Hidalgo County (dismissed), two actions in Willacy Count (both dismissed), and three actions in the Southern District of Texas (all three dismissed), in addition to the present case. [Dkt. 9, pp. 11-13] Plaintiff has not disputed any of these facts and has not made any argument as to why he should not be classified as a vexatious litigant under either state or federal law. Despite having the opportunity to respond to two different motions, Plaintiff has chosen to allow these motions to go unopposed. *See* Local Rule 7.4. Plaintiff has already been enjoined from filing new actions against Defendant Loetzerich in Bosque County and has, additionally, been ordered to pay monetary sanctions, which he has heretofore refused to pay, and which, rather than deterring Plaintiff, have only further emboldened him. [Dkt. 9, pp. 6-7] Evidently, monetary sanctions are insufficient. *See Carroll*, 850 F.3d at 814. Accordingly, this Court finds that Plaintiff's actions warrant further sanctions, including a prefiling injunction.

V.     **Conclusion**

The Court hereby orders:

1. Plaintiff's claims are **DISMISSED**;

2. Plaintiff is **DECLARED** a vexatious litigant in the Southern District of Texas;

3. Plaintiff is hereby **ENJOINED** from filing, in any state or federal court in Texas, any further lawsuits concerning the divorce proceedings of Defendant Heather Renee Slagle and third-party David Gordon Mayes, or any related matters, unless Plaintiff first obtains permission from the court where he wishes to file suit. Furthermore, should Plaintiff seek that permission, he must provide a copy of this Order and must post a security bond, upon filing of any litigation, to indemnify Defendants against litigation costs.[2] This injunction shall extend to any corporation or business in which Plaintiff has any substantial ownership interest.

SO ORDERED September 9, 2024, at McAllen, Texas.

*Randy Crane* (signature)
Randy Crane
Chief United States District Judge

---

[2] Tex. Civ. Prac. & Rem. Code Ann. § 11.055.