United States District Court
Southern District of Texas
FILED

MAR 17 2025

Nathan Ochsner
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROBERT R. FLORES, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 7:24-CV-00271 | |
| § | | |
| ROBERT W. BERLETH, et al. § | | |
| Defendants. § | | |

### SUPPLEMENT TO MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO RULE 60(b)

**TO THE HONORABLE JUDGE RANDY CRANE:**

**COMES NOW**, Movant Luke Matthew Dusterhus, proceeding pro se, and respectfully submits this Supplement to his Motion for Relief from Judgment or Order pursuant to Federal Rule of Civil Procedure 60(b). This Supplement provides additional evidence, legal authority, and argument to further demonstrate the willful and contemptuous violations of this Court's September 9, 2024 injunction by Plaintiff Robert R. Flores, particularly in relation to the email submitted as *"Exhibit C"* in Case No. *C-0322-25-D*, filed in the 206th District Court of Hidalgo County, Texas, on March 14, 2025. This email, which is undeniably and exclusively related to the proceedings before this Court in Case No. *7:24-CV-00271*, further substantiates Flores' deliberate and ongoing defiance of this Court's injunction.

### I. INTRODUCTION

On September 9, 2024, this Court issued a federal injunction in Case No. *7:24-CV-00271*, explicitly prohibiting Plaintiff Robert R. Flores from filing any further litigation related to the divorce proceedings of Heather Renee Slagle and David Gordon Mayes, or any related matters, unless he first obtained leave of this Court and posted a security bond. The injunction *(See Exhibit A)* states:



> *"Plaintiff is hereby **ENJOINED** from filing, in any state or federal court in Texas, any further lawsuits concerning the divorce proceedings of Defendant Heather Renee Slagle and third-party David Gordon Mayes, **or any related matters**, unless Plaintiff first obtains permission from the court where he wishes to file suit. Furthermore, should Plaintiff seek that permission, he must provide a copy of this Order and must post a security bond, upon filing of any litigation, to indemnify Defendants against litigation costs."*

Despite this clear and unambiguous order, Flores has continued to engage in a pattern of vexatious and retaliatory litigation, including the filing of a frivolous lawsuit against Movant in Case No. *C-0322-25-D*. In his Amended Original Petition filed on March 14, 2025, Flores submitted an email as *Exhibit C*, which he misleadingly presented as evidence in support of his claims. However, this email, when viewed in its unredacted form *(Exhibit B)*, is undeniably and exclusively related to the proceedings before this Court in Case No. *7:24-CV-00271*. Flores' attempt to introduce this email in a state court proceeding is a blatant violation of this Court's injunction and further evidence of his ongoing abuse of the judicial process.

## II. FLORES' VIOLATION OF THIS COURT'S INJUNCTION THROUGH THE INTRODUCTION OF EXHIBIT C

### A. The Email Submitted as *Exhibit C* is Directly Related to This Court's Proceedings

The email submitted by Flores as *Exhibit C* in Case No. *C-0322-25-D* is, in fact, an email that was drafted and sent in connection with the proceedings before this Court in Case No. *7:24-CV-00271*. The unredacted version of this email *(Exhibit B)* reveals that the email was created for the sole purpose of addressing scheduling matters and deadlines in the federal case before this Court, which directly involves the Mayes/Slagle divorce.

Specifically, the email contains the following statements that explicitly connect it to the proceedings before this Court:

**1.** *"Our the most critical thing for today is to get the October 8 pretrial initial conference reset I went to the us district clerks office on Friday, they were closed. I might try to go by there today, but they suggested we try calling and talking to the case manager for Randy cranes court. Her name is on his website."*

This statement explicitly references the federal court proceedings before this Court and demonstrates that the email was drafted to address scheduling matters in Case No. *7:24-CV-00271*.

**2. *"Call her (Judge Crane's court coordinator) let her know that I will be out of the country on October 8 was planning on being there in person in zoom but with the hurricane hitting the same area to which I'm landing, I'm concerned I will not have service. I will be in a remote area of Mexico And to advise on how to reset that date. Opposing counsel is on vacation till the end of the month."***

This statement further underscores the connection between the email and the federal case, as it references a specific pretrial conference in this Court and the need to reschedule it due to Flores' travel plans.

**3. *"We almost missed the response deadlines on the Removal action also, but Julissa picked up on it and I was able to get the response in on that very last day."***

The *"Removal action"* referenced here is a procedural aspect of the case before this Court, directly involving the Mayes/Slagle divorce.

**4. *"When we first started those cases, I told you to acquaint yourself with the local federal rules and federal rules of procedure and to have them on your desktop."***

This statement explicitly references federal court rules and procedures, which are applicable only to the federal case before this Court.

### B. Flores' Misleading Presentation of *Exhibit C*

In his Amended Original Petition filed on March 14, 2025, Flores submitted a redacted version of this email as Exhibit C, deliberately omitting key statements that would have revealed the email's true connection to the federal case before this Court. By redacting these statements, Flores attempted to mislead the state court into believing that the email was unrelated to the federal injunction and could be used as evidence in support of his claims.

This conduct constitutes a deliberate misrepresentation to the state court and an attempt to circumvent this Court's injunction. Flores' actions are not only a violation of this Court's order but also a clear abuse of the judicial process.

### *C. Flores' Contemptuous Disregard for This Court's Injunction*

By introducing the email as *Exhibit C* in Case No. *C-0322-25-D*, Flores has once again demonstrated his contemptuous disregard for this Court's injunction. The email is undeniably related to the federal case before this Court, and Flores' attempt to introduce it in a state court proceeding is a blatant violation of this Court's order.

### III. LEGAL GROUNDS FOR RELIEF UNDER RULE 60(b)

### A. Rule 60(b)(2) – Newly Discovered Evidence

The unredacted version of the email *(Exhibit B)* constitutes newly discovered evidence that further substantiates Flores' willful and ongoing violations of this Court's injunction. This evidence demonstrates that Flores has continued to engage in litigation related to the Mayes/Slagle divorce, in direct defiance of this Court's order.

Under Rule 60(b)(2), relief is warranted when newly discovered evidence demonstrates that a party has engaged in misconduct or violated a court order. *See Hesling v. CSX Transp., Inc., 396 F.3d 632, 639 (5th Cir. 2005)* (holding that newly discovered evidence that demonstrates a party's misconduct can justify relief under Rule 60(b)(2)).

### B. Rule 60(b)(3) – Fraud, Misrepresentation, and Misconduct

Flores' deliberate redactions and omissions in presenting *Exhibit C* constitute fraud and misrepresentation. By submitting a redacted version of the email to the state court, Flores sought to mislead the court and obscure the email's true connection to the federal case before this Court. This conduct exemplifies a violation of Rule 60(b)(3), as it directly undermines the integrity of

the judicial process.

Under Rule 60(b)(3), relief is appropriate when a party's fraud, misrepresentation, or misconduct prevents the opposing party from fully and fairly presenting their case. *See Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)* (holding that relief under Rule 60(b)(3) is justified when a party's misconduct compromises the fairness of judicial proceedings). Flores' actions meet this standard and warrant immediate judicial intervention

### C. Rule 60(b)(6) – Any Other Reason That Justifies Relief

Flores' ongoing and intentional violations of this Court's injunction, as demonstrated by his introduction of *Exhibit C* in Case No. *C-0322-25-D*, constitute exceptional circumstances that demand urgent judicial intervention. If left unchecked, Flores' conduct will result in continued harassment of Movant and further defiance of this Court's orders.

Under Rule 60(b)(6), relief is appropriate when a party's conduct creates exceptional circumstances that justify judicial intervention. *See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)* (holding that relief under Rule 60(b)(6) is warranted when a party's conduct undermines the integrity of the judicial process).

### IV. CONCLUSION

Flores' introduction of the email as *Exhibit C* in Case No. *C-0322-25-D* is a blatant and contemptuous violation of this Court's injunction. The email is undeniably related to the federal case before this Court, and Flores' attempt to introduce it in a state court proceeding is a clear abuse of the judicial process. Movant respectfully requests that this Court take immediate action to enforce its injunction, impose sanctions on Flores for his misconduct, and grant the relief requested in the Motion for Relief.

**WHEREFORE**, Movant respectfully requests that this Court:

1. Find Respondent in contempt for violating this Court's September 9, 2024 injunction.

2. Grant the relief requested in the Motion for Relief from Judgment or Order pursuant to Rule 60(b).

3. Impose monetary sanctions of no less than $50,000.00 against Respondent for his violation of the vexatious litigant order and for fraud upon the court.

4. Award punitive damages in an amount sufficient to punish Respondent for his egregious misconduct and deter future abuses of the legal process.

5. Order the immediate withdrawal of *Exhibit C* from Case No. *C-0322-25-D* and prohibit Respondent from reintroducing enjoined materials in any future proceedings.

6. Restrict Respondent from further filings in any federal or state court without prior approval to prevent continued abuse of the legal system.

7. Schedule an expedited hearing to address Respondent's continued violations.

8. Grant all costs of suit, including attorney's fees and any other relief deemed just and proper by this Court.

Respectfully submitted,

*/s/ Luke Dusterhus*

Luke Matthew Dusterhus
147 W. Van Buren
Brownsville, TX 78521
956-517-5351
LukeDusterhus@gmail.com
**MOVANT, PRO SE**

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing Supplement to Motion for Relief from Judgment or Order pursuant to Rule 60(b) was served upon all parties of record in accordance with the Federal Rules of Civil Procedure, on this day, as follows:

Robert R. Flores
Robert R. Flores Law Firm, PLLC
305 W. Hidalgo Avenue
Raymondville, TX 78580
956-329-1099
Email: robert@rrfloreslaw.com

Derek Loetzerich
The Law Office of Derek Loetzerich
P.O. Box 542069
Houston, Texas 77254
(713) 955-8543
Email: derek@loetzerichlaw.com

Attorney General of Texas
Assistant Attorney General
General Litigation Division
PO Box 12548 Capital Station
Austin, TX 78711
Email: scot_graydon@oag.texas.gov

Hon. Shaun Carpenter
220th Judicial District Court
110 South Main
P. O. Box 529
Meridian, Texas 76665

With courtesy copy to:

Office of the Chief Disciplinary Counsel
State Bar of Texas
Attn: George Smith
Assistant Disciplinary Counsel
9311 San Pedro Ave., Ste. 1000
San Antonio, Texas 78216
Telephone: (210) 208-6600
Fax: (210) 208-6677
Email: George.smith@texasbar.com

Respectfully submitted,

_____
Luke Matthew Dusterhus
147 W. Van Buren
Brownsville, TX 78521
956-517-5351
LukeDusterhus@gmail.com
**MOVANT, PRO SE**

March 18, 2025

Luke Dusterhus
147 West Van Buren St.
Brownsville, TX 78520
(956) 517-5351
LukeDusterhus@gmail.com

Velma T. Barrera
Deputy-In-Charge
U.S. District Clerk
United States Courthouse
1701 W. Business Hwy 83, 10th Floor
McAllen, Texas 78501

Re: Supplement to Motion for Relief from Judgment or Order, Case No. 7:24-CV-00271

Dear Ms. Barrera,

I am submitting the following documents in connection with the above-referenced case for filing:

1. Supplement to Motion for Relief from Judgment or Order: This supplement is filed pursuant to Federal Rule of Civil Procedure 60(b) to support the previously filed Motion for Relief from Judgment or Order.

    A. Exhibit A: A copy of the Honorable Randy Crane's Order from September 9, 2024.
    B. Exhibit B: Unredacted Exhibit C, including Robert Flores' email filed into state court.
    C. Exhibit C: Redacted email, filed on March 14, 2025, by Robert R. Flores in Case No. C-0322-25-D in the 206th District Court of Hidalgo County, Texas.

2. Motion to Receive Electronic Notifications via Email: A motion respectfully requesting that the Court allow Movant Luke Dusterhus, to receive all future notifications related to this case via email for efficiency and timeliness.

    A. Order Granting Motion to Receive Electronic Notifications via Email
    B. Order Setting Hearing on Motion for Relief

Please file the documents accordingly and notify me of any further requirements or actions needed. I appreciate your attention to this matter.

Thank you for your time and consideration.

Respectfully Submitted,

Luke Dusterhus
Movant Pro Se